### UNITED STATES v. RICH.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

#### No. 148 (5,243).

Customs Duties (§ 44*)—Classification—Concentrated Fruit Juice—Similitude.

    Concentrated fruit juice is dutiable, under Tariff Act July 24, 1897, c. 11, § 1, Schedule H, par. 299, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1655), as fruit juice by similitude under section 7 of said act, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), because it resembles ordinary fruit juice (1) in material, from which it differs only in having had some of its water removed by evaporation, and (2) in use, being applied to the same purposes.

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 172 Fed. 293, reversing a decision by the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York on material imported by E. C. Rich.

The merchandise herein involved consists of certain fruit juices. The importer contends that they are dutiable under paragraph 299 of Act July 24, 1897, c. 11, § 1, Schedule H, 30 Stat. 174 (U. S. Comp. St. 1901, p. 1655), either directly or by similitude. The collector classified them as a nonenumerated manufactured article. The paragraph reads:

    299. Cherry juice and prune juice, or prune wine, and other fruit juices not specially provided for in this act, containing no alcohol or not more than eighteen per centum of alcohol, sixty cents per gallon; if containing more than eighteen per centum of alcohol sixty cents per gallon, and in addition thereto two dollars and seven cents per proof gallon on the alcohol contained therein.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, Asst. Atty., of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.

Before LACOMBE and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The Board of General Appraisers state that when the tariff act of 1897 was passed the fruit juice which was being imported was the juice as it was expressed from the fruit—a thin, watery liquid of not much strength. In some instances such liquid was combined with alcohol as a preservative. The present article differs from the old fruit juice solely by having some of the water removed by evaporation—a process which, of course, increases the strength of the residuum. Nothing else is done to it. It has not even received any alcoholic admixture. We should be inclined to hold that, although more concentrated than the fruit juice of 1897, it has not ceased to be fruit juice. But it is not necessary so to hold. Certainly it is similar to the fruit juice of 1897 in material, being nothing but the expressed juice of fruit, and in use, being applied to the same purposes, viz., flavoring confectionery, jellies, creams, etc.

Smith v. Rheinstrom (Circuit Court of Appeals, 6th Cir.) 65 Fed. 984, 13 C. C. A. 261, mainly relied upon by the government, does not apply, because the concentrated cherry juice in that case had been fortified with so much alcohol as to warrant its classification as an "alcoholic compound" under a separate paragraph of the act of 1890, then under discussion. Being there specifically enumerated, it could not be classified under the similitude clause which covers only non-enumerated articles.

Decision affirmed.